UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-09-6386-CAS (SSx) | Date | October 5, 2008 |
|---|---|---|---|
| Title | SUGEY GARCIA; ET AL. v. TARGET #2143; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:**    **(In Chambers:) ORDER TO SHOW CAUSE RE: WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

On July 30, 2009, plaintiffs Sugey Garcia and Idania Garcia Martinez filed the instant action against defendants Target #2143, Target Corporation, and Does 1 through 100. Plaintiffs allege that they are entitled to damages resulting from plaintiff's slip and fall in defendants' store. Compl. at 4. On September 2, 2009, defendants timely removed the instant action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c).

The Ninth Circuit determines a corporation's principal place of business by examining the entity's "total activities," which takes into account all aspects of the corporation's business, including where its operations are located, where it supervises that business, and where it employs persons and and conducts its business. *Indus. Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1094 (9th Cir. 1990) ("[T]he principal place of business should be the place where the corporation conducts the most activity that is visible and impacts the public, so that it is least likely to suffer from prejudice against outsiders."). Accordingly, in determining a corporate party's principal place of business, this Court looks to the same factors. This entails (1) determining the location of the majority of the corporation's (a) employees, (b) tangible property, and (c) production activities, and (2) ascertaining where most of the corporation's (a) income is earned, (b) purchases are made, and (c) sales take place. *Indus. Tectonics,* 912 F.2d at 1094.

Defendants fail to offer adequate facts to support the assertion that the principal place of business stated in the notice of removal, Minnesota, is defendants' principal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-09-6386-CAS (SSx) | Date | October 5, 2008 |
|---|---|---|---|
| Title | SUGEY GARCIA; ET AL. v. TARGET #2143; ET AL. | | |

place of business.  Defendants are hereby ORDERED TO SHOW CAUSE on or before October 20, 2009, why the instant action should not be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |